## BRAY v. MONONGAHELA RIVER CONSOL. COAL & COKE CO.

(Circuit Court of Appeals, Third Circuit. May 1, 1908.)

### No. 38.

COLLISION—TOWS GOING ADRIFT IN FOG—LIABILITY OF TUG.

The owner of a tug which parted from its tow of coal boats on the Ohio river at night in a fog *held* not chargeable with negligence which rendered it liable for injuries done by the boats by drifting against other craft moored in the river merely because the tug was sent out with the tow from Pittsburg, 12 miles distant, at night, at a time when there was no fog.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Thomas Patterson, for plaintiff in error.

Charles G. McIlvain, for defendant in error.

Before WILLIAM HENRY MOODY, Associate Justice of the Supreme Court, and DALLAS and GRAY, Circuit Judges.

DALLAS, Circuit Judge. In the year 1905 the Evansville Contract Company was engaged in building part of a dam across the Ohio river about 12 miles below Pittsburg, Pa. When the work was suspended on the afternoon of Saturday, June 24, 1905, the floating plant, including derrick boats, pile driver boats, decked barges, flat boats, etc., was tied up in its usual harboring place. The Iron Age, a towboat owned by the Monongahela River Consolidated Coal & Coke Company (defendant below and here), left Pittsburg, with a tow of coal, at about 30 minutes after 10 o'clock in the evening of the 24th of June, 1905. She proceeded safely to a point adjacent to the site of the dam above referred to, where her tow was wrecked, and the barges composing it collided with the Evansville Contract Company's plant, "crushing, breaking, and injuring the same," and to recover for the loss and damage thus occasioned that company's trustee in bankruptcy instituted the action to which this writ of error relates. When, on the trial, the evidence for the plaintiff had been closed, the court entered a judgment of compulsory nonsuit, which it afterwards refused to take off; and the question now for decision is whether that judgment was, as is averred, erroneously awarded and sustained.

The "Statement of Claim," which in Pennsylvania is substituted for a common-law declaration, averred and alleged, inter alia, that the defendant was under the duty of taking care "to properly and carefully control and govern its said crafts, so as to avoid collision with, or injury to, other craft lawfully using said river, or the harbors and mooring places therein, yet the said defendant company, not regarding its duty in the premises, did so carelessly and negligently conduct its operations as aforesaid that during the night of June 24 to the morning of June 25, A. D. 1905, the said defendant sent out from the Pittsburg Harbor the steamer Iron Age, with a loaded fleet of coal boats, coal barges, model barges, etc.," and the only lack of due care asserted and relied upon in this court is that which was thus charged, namely, that "it was negligence to send out the Iron Age on the night of June 24, 1905." This position, however, is untenable, because there was no evidence upon which a verdict in its support could reasonably have been sustained. The contention that the burden of proof was shifted to the defendant is irrelevant, for the plaintiff himself adduced testimony that the fog which immediately caused the parting of the tug and its tow had "shut down and enveloped" them for "less than three minutes" before the accident happened. They had proceeded safely and without incident to that time; and it could not, we think, be justly held that, with respect to a plant lying 12 miles below, it was an act of negligence for the Iron Age to proceed at all merely because some rivermen would have thought she was "liable to have some fog" at some indeterminate time and place after starting.

No useful purpose would be served by discussing the evidence with more particularity. It must suffice to say that careful reading of the whole of it compels the conclusion that it would not have warranted a finding of negligence on the part of the defendant.

Therefore the judgment of the Circuit Court was right, and is affirmed